## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IGNACIO MONTERO, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

RESURGENT CAPITAL SERVICES, L.P.

Defendant.

Civil Action No: 1:23-cv-22185

## CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff Ignacio Montero (hereinafter "Plaintiff") brings this Class Action Complaint by and through his attorneys, against the Defendant Resurgent Capital Services, L.P. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

3.      On November 30, 2021, the Consumer Financial Protection Bureau ("CFPB"), issued Regulation F, 12 C.F.R. § 1006,[1] (hereinafter, "Regulation F") which details what information and disclosures should be available in collection communications sent by a debt collector to a debtor. Regulation F also covers the use of other languages besides English when used in disclosures and correspondences from debt collectors to debtors.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6.      Plaintiff brings this class action on behalf of a class of Florida consumers pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

---

[1] https://www.consumerfinance.gov/rules-policy/regulations/1006/

7.      Plaintiff and the Class members are seeking damages and declaratory relief.

## PARTIES

8.      Plaintiff is a resident of the State of Florida, County of Miami-Dade.

9.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6)
and as used in the FDCPA with an address at 55 Beattle Place, Suite 110 Greenville, South
Carolina, 29601.

10.      Upon information and belief, Defendant is a company that uses the mail, telephone,
and facsimile and regularly engages in business the principal purpose of which is to attempt to
collect debts alleged to be due another.

## CLASS ALLEGATIONS

11.      Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ.
P. 23(a) and 23(b)(3).

12.      The Class consists of:

a.      all individuals with addresses in the State of Florida;

b.      who sent the Defendant a request to validate or verify the alleged debt in
Spanish;

c.      but the Defendant responded with validation documents in a language other
than Spanish;

d.      wherein the Defendant sent collection communications which violated the
FDCPA and Regulation F, infringing on the individual rights of the Class
members; and

e.     which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13.     The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14.     Excluded from the Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, similar in form to that attached as Exhibit B, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

16.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a.   **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

b.   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit B, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

c.   **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d.   **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e.   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common

claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

21.     Some time prior to October 18, 2022, an obligation was allegedly incurred to Credit One Bank, N.A. ("Credit One").

22.     The Credit One obligation arose out of transactions which were primarily for personal, family or household purposes.

23.     The alleged obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24.     Thus, Credit One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     According to the Defendant's letter described below, Credit One contracted with Defendant to collect the alleged debt.

26.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

27.     On or around October 18, 2022, Plaintiff, being a Spanish speaker, mailed a letter in Spanish to Defendant, disputing the debt and requesting validation of the debt, pursuant to 15 U.S.C. § 1692g.

28.     A true and accurate copy of the letter Plaintiff sent to the Defendant is attached hereto as Exhibit A, hereinafter "Validation Letter."

29.     On November 15, 2022, Defendant responded to Plaintiff's Validation Letter with a letter and enclosures containing a statement and an account summary report, all of which were provided only in English.

30.     A true and accurate copy of the letter and its enclosures that Defendant sent to Plaintiff is attached hereto as Exhibit B, hereinafter "Response Letter."

31.     On information and belief, the initial communication from Defendant to the Plaintiff included text in Spanish to inform the Plaintiff that he can request the form in Spanish by contacting the Defendant.

32.     Pursuant to 15 U.S.C. § 1692l(d), "[e]xcept as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 (12 U.S.C. 5519(a)), the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

33.     Accordingly, the CFPB prepared and issued rules prescribed under 12 C.F.R. § 1006, commonly referred to as Regulation F.

34.     Pursuant to Regulation F, debt collectors can provide a Spanish-language translation disclosure using the following recommended methods:

> (A) The statement, "**Póngase en contacto con nosotros para solicitar una copia de este formulario en español**" (which means "**Contact us to request a copy of this form in Spanish**"), using that phrase or a substantially similar phrase in Spanish. If providing this optional disclosure, a debt collector may include supplemental

information in Spanish that specifies how a consumer may request
a Spanish-language validation notice.

(B) With the consumer-response information required by paragraph
(c)(4) of this section, the statement "**Quiero este formulario en
español**" (which means "**I want this form in Spanish**"), using that
phrase or a substantially similar phrase in Spanish, next to a prompt.

12 C.F.R. § 1006.34(d)(3)(vi).

35.     On information and belief, Defendant used the recommended language expressed

in Regulation F in the initial communication it sent to Plaintiff for the alleged debt.

36.     After receiving the Validation Letter in Spanish (*see* Exhibit A), Defendant

responded by providing the Response Letter in English (*see* Exhibit B).

37.     Pursuant to Regulation F:

[a] debt collector who includes in the validation information either
or both of the optional disclosures described in paragraph (d)(3)(vi)
of this section, and who thereafter receives a request from the
consumer for a Spanish-language validation notice, **must provide
the consumer a validation notice completely and accurately
translated into Spanish.**

12 C.F.R. § 1006.34(e)(2) (emphasis added).

38.     Defendant's failure to provide the validation notice in Spanish is a violation of

Regulation F and the FDCPA.

39.     Regulation F was intended to supplement and provide more ways to regulate the

debt collection industry through the FDCPA:

This part carries out the purposes of the FDCPA, which include
eliminating abusive debt collection practices by debt collectors,
ensuring that debt collectors who refrain from using abusive debt
collection practices are not competitively disadvantaged, and
promoting consistent State action to protect consumers against debt
collection abuses. **This part also prescribes requirements to
ensure that certain features of debt collection are disclosed fully,
accurately, and effectively to consumers in a manner that
permits consumers to understand the costs, benefits, and risks
associated with debt collection, in light of the facts and**

> **circumstances.** Finally, this part imposes record retention requirements to enable the Bureau to administer and carry out the purposes of the FDCPA, the Dodd-Frank Act, and this part, as well as to prevent evasions thereof. The record retention requirements also will facilitate supervision of debt collectors and the assessment and detection of risks to consumers.

*See* 12 C.F.R. § 1006.1(b) (emphasis added).

40.    Pursuant to the FDCPA, a debt collector may not use any "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. § 1692e(10).

41.    Pursuant to the FDCPA, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *See* 15 U.S.C. § 1692f.

42.    Defendant acted deceptively and unfairly when it mailed the Response Letter in English despite receiving the Validation Letter in Spanish and after it provided the Spanish-translation disclosures in the same language recommended under Regulation F.

43.    For the foregoing reasons, Defendant failed to give the Plaintiff a valid G-Notice, and deprived the Plaintiff of all rights derived therefrom, by providing the Response Letter in English after receiving a request for validation in Spanish.

44.    Thus, pursuant to Regulation F and the FDCPA, Defendant's Response Letter violates multiple provisions of the FDCPA.

45.    Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

46.    The harms caused by Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

47.    As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

48.     For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

49.     In this instance the Defendant intentionally deprived the Plaintiff the ability to receive the validation documents in a language he could understand.

50.     Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

51.     Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

52.     Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53.     Defendant's conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

54.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

55.     Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

56.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

57.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

58.     In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

59.     In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

60.     Plaintiff's reliance on Defendant's conduct, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting information to harm Plaintiff's financial and reputational detriment.

61.     Based on Defendant's failure to communicate properly with Plaintiff, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

62.     As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

63.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

65.     Pursuant to 15 U.S.C. § 1692g(a):

> Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall,
> unless the following information is contained in the initial
> communication or the consumer has paid the debt, send the
> consumer a written notice containing . . .

66.     Defendant violated § 1692g:

a.     By failing to provide Plaintiff and the Class with an adequate notice of the

alleged debts, as required by both the FDCPA at 15 U.S.C. § 1692g and

Regulation F at 12 C.F.R. § 1006.34(e)(2).

67.     By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that

Defendant's conduct violated 15 U.S.C. § 1692g *et seq.* of the FDCPA, and includes actual

damages, statutory damages, costs, and attorneys' fees.

## <u>COUNT II</u>

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

68.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

69.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

and the Class violated the various provisions of the FDCPA, including but not limited to 15 U.S.C.

§ 1692e.

70.     Pursuant to 15 U.S.C. § 1692e(10), the following is a violation of the FDCPA:

> The use of any false representation or deceptive means to collect or
> attempt to collect any debt or to obtain information concerning a
> consumer.

71.     Defendant violated § 1692e:

    a.      By deceptively providing the Response Letter in English instead of Spanish, as required by both the FDCPA at 15 U.S.C. § 1692g and Regulation F at 12 C.F.R. § 1006.34(e)(2).

72.    By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

<u>**COUNT III**</u>

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f *et seq.***

73.    Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

74.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff and the Class violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

75.    Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

76.    Defendant violated § 1692f:

    a.      By unfairly providing the Response Letter in English instead of Spanish, as required by both the FDCPA at 15 U.S.C. § 1692g and Regulation F at 12 C.F.R. § 1006.34(e)(2).

77.    By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendant's conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

<u>**DEMAND FOR TRIAL BY JURY**</u>

78.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ignacio Montero, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1.     Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and Justin Zeig, Esq., as Class Counsel;

2.     Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.     Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.     Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5.     Providing declaratory relief for the Plaintiff and the Class by stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6.     Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  June 13, 2023                          Respectfully submitted,

                                               */s/ Justin Zeig*
                                               **Zeig Law Firm, LLC**
                                               By: Justin Zeig, Esq.
                                               3475 Sheridan Street, Suite 310
                                               Hollywood, FL 33021
                                               Phone: (754) 217-3084
                                               Fax: (954) 272-7807
                                               zlf@zeiglawfirm.com
                                               *Counsel for Plaintiff Ignacio Montero*